### SHAW *v.* GORDON.

In an action of unlawful detainer, a complaint is good which contains all the averments of facts required by statute.

After a verdict and judgment have been rendered, without objection to the complaint, a court should not entertain merely formal defects.

## *Error to Jackson District Court.*

*Opinion by* GREENE, J. Shaw filed his written complaint before a justice of the peace, in an action of unlawful detainer. The defendant appeared and submitted to trial without objection to the form of the complaint. Verdict and judgment for the plaintiff. The defendant appealed to the district court, and there moved to quash the proceedings, on the ground that the complaint does not show a cause of action cognizable before a justice of the peace. This motion was sustained by the court, and the suit dismissed at the cost of plaintiff.

The only question submitted to our determination, is, did the court below err in dismissing the suit? The decision of this question must be predicated exclusively upon the sufficiency of the complaint under our statute.

The complaint substantially avers John Shaw to be lawfully seized in fee of the land therein described ; that he is justly entitled to the possession thereof, and that said premises are now unlawfully detained from his possession by Charles Gordon who resides thereon, and refuses to deliver up the same to complainant, although legally notified to do so. The complaint is dated June 9, 1847, and signed, "John Shaw."

Unlawful detainer is defined by, *Rev. Stat.* 345, Art. 12, § 3. If our statute recognized no other description of the offense than that set forth in this section, then we could but determine the complaint defective. Unquestionably, to enable the plaintiff to recover, he must prove the constituents of unlawful detainer as designated by that section ; but that they need not be set forth in the complaint is rendered conclusive by reference to section six of the same article. It provides that, "when a complaint to any justice of the peace shall be made in writing, and signed by the party aggrieved, his agent or attorney, specifying the lands tenements or other possessions, so forcibly entered and detained, or so unlawfully detained over, and

47

by whom, and when done, it shall be the duty of the justice of the peace to issue his summons," &c. This section sets forth the requisites of a complaint, in order to confer jurisdiction and power upon the justice; and when made conformable to it, we must consider it substantially good, though it should not characterize the holding over in the language descriptive of the offense in the preceding section.

By reference, it will be seen that the complaint in this case specifies all the facts required by the section, which regulates it; and hence we are of opinion that the court erred in sustaining the motion to dismiss the suit.

Had the complaint been deemed insufficient in form, it was still erroneous for the court to entertain the motion at that advanced stage in the proceeding. After a verdict and judgment before the justice without objection to the complaint, the district court should not have inquired into its defective form. *Wright* v. *Lyle*, 4 Alabama 112, *Hilliard* v. *Carr*, 6, ib. 557; *Snoddy* v. *Watt*, 9, ib. 611; *Pearce* v. *Swan*, 1, Scam. 268.

The position assumed by counsel for the defendant in error, cannot be controverted, that courts of inferior jurisdiction must act within the scope of their authority as defined by law, and if the face of their proceedings shows that they have transcended that defined authority, they become *coram non judice*, and void; but we cannot see the application of this ever recognized principle to the question at bar. The only inquiry legitimately before us is, whether the complaint is substantially good under our statute. The questions raised in relation to the justice trying title to lands, and as to his proceeding in ejectment were not passed upon by the district court, nor are they by the record made the proper subjects for adjudication in this court. The subject matter of the complaint is by statute, made cognizable before a justice, and we may assume as the question is raised that we can see nothing in his proceedings thereon which materially overreaches the authority conferred.

The case of *Wells* v. *Hogan*, Breese R. 264, is urged with much confidence to show that the complaint before us is insufficient. Had this decision been made upon a statute like ours, defining what shall constitute the substance of the complaint, we should have had more difficulty in arriving at our present conclusion in this case. Though the statute of Illinois is substantially similar to that of Iowa in defining "unlawful detainer," still it does not in like manner direct the ingredients or material requisites of the complaint, and hence it was properly held in *Wells* v. *Hogan*, that the complaint should conform to the statute and set out the detainer or holding over as the same is defined by law, in order to bring the subject matter within the jurisdiction of the justice. We have already noticed that our statute authorizes the justice to entertain jurisdiction by issuing his summons, when a complaint is filed with him containing the prescribed requisites; and that the complaint before us contains at least the substantial averments required.

Judgment reversed.

*P. Smith*, for plaintiff in error.

*L. Clark*, for defendant.